# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| AMANDA MELTON, | ) No. 4:09-bk-02131-JMM |
| Debtor. | ) **MEMORANDUM DECISION** |

Debtor's counsel seeks an additional award of fees and cost, related to an appeal. The appeal was over relief granted to a secured creditor on the Debtor's residence. After getting through some early rounds, the Debtor decided not to prosecute the appeal, and she either surrendered her house, or was foreclosed.

In a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case. *See* 11 U.S.C. § 330(a)(4)(B). Under this section, services that benefit only the debtor, and not the estate, may also be compensable. However, "[e]ven as amended in 1994, § 330(a)(4)(B) requires that the services of counsel at least benefit the estate or the debtor. Services that benefit neither are not compensable." K.M. Lundin & W.H. Brown, CH. 13 BANKR., 4th Ed., § 294.1, at ¶ 13 (Sec. Rev. June 17, 2004) (www.Ch13online.com). For example, a Debtor, by his counsel, "cannot be permitted to act out his litigious impulses at the expense of the creditors of the Debtor's estate." *In re Rothman*, 206 B.R. 99, 111 (Bankr. E.D. Pa. 1997).

In the Ninth Circuit, the benefit is not restricted to a material one; the professional's services need only be "reasonably likely to benefit the estate at the time rendered." *In re Garcia*,

335 B.R. 717, 724 (9th Cir. BAP 2005). Finally, the existence of work on a appeal does not change the standard of reasonableness for fee applications. See *In re Flemming*, 444 B.R. 844, 847 (Bankr. N.D. Ohio 2011).

Section 330(a)(4)(B) provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). The "other factors" referenced in Section § 330(a)(4)(B) are set forth in Section 330(a)(3). *In re Eliapo*, 468 F.3d 592, 597 (9th Cir. 2006). Section 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In the instant case, Debtor appealed a summary judgment in favor of the mortgage lender. The multiple legal issues pursued by the Debtor were both novel and complex, having been born of the mortgage industry meltdown and heightened foreclosure litigation. Appellate activity included filing a motion for stay pending appeal, which was conditionally granted by the bankruptcy

2

Case 4:09-bk-02131-BMW   Doc 75   Filed 06/09/11   Entered 06/09/11 11:18:06   Desc
Main Document - Motion to Approve    Page 2 of 3

court, and preparation and filing of the Excerpts of Record and the Statement of Issues. Although the appeal was dismissed voluntarily, this was not a bare-boned, "garden-variety" appeal. *Compare In re Flemming,* 444 B.R. at 847. In *Flemming*, the court reduced the requested $10,550.04 fees to $5,800.00 in a basic chapter 13 case where the debtor's attorney had appealed an order sustaining the trustee's objection to plan confirmation, but there had been no appendix submission and only two brief teleconferences prior to voluntary dismissal of appeal. Nor did the fee application indicate how the services were novel or complex. *Id.*

Here, the Trustee has not opposed the requested fees for the appellate phase on reasonableness or necessity grounds. The Trustee seeks only a final answer so the Chapter 13 case can proceed.

Having reviewed the pleadings, the court finds that the additional fees and costs are justified and compensable. Therefore, the court will grant Debtor's counsel's application for $3,843.97 in additional fees and costs (ECF No. 71).

A separate order will be entered (FED. R. BANKR. P. 9021). Any party aggrieved by the order has fourteen days to appeal therefrom. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the BNC ("Bankruptcy Noticing Center") to:

Attorney for Debtor
Trustee
Office of the U.S. Trustee

3

Case 4:09-bk-02131-BMW   Doc 75   Filed 06/09/11   Entered 06/09/11 11:18:06   Desc
Main Document - Motion to Approve    Page 3 of 3